# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GREEN,<br>CDCR #J-50400,<br><br>                              Plaintiff,<br><br>vs.<br><br>D. NIETO; A. GARCIA;<br>J. TIM OCHOA,<br><br>                            Defendants. | Civil No.    11cv2023 BEN (BGS)<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[ECF No. 4]** |

      Donald Green ("Plaintiff"), a state prisoner currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 4]. Plaintiff claims that his constitutional rights were violated when he was previously housed in Calipatria State Prison. (*See* Compl. at 1.)

# I.

## MOTION TO PROCEED IFP [ECF No. 4]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

*v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A. Fourteenth Amendment Due Process Claims

Plaintiff alleges that his Fourteenth Amendment due process rights have been violated because he has not been permitted to have family visitation as a result of his life with the possibility of parole sentence. (*See* Compl. at 10.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his confinement which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. Plaintiff claims that he has not been permitted adequate family visitation. However, the Due Process Clause does not guarantee a right of unfettered visitation. *See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460-61 (1989). Accordingly, the Court finds that Plaintiff has failed to allege a liberty interest and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

### B. Equal Protection Claims

Plaintiff also alleges that the prison violated his right to equal protection. (*See* Compl. at 13.) The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of*

*Cleburne v. Cleburne Living Ctr., Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). In this matter, Plaintiff has not sufficiently plead that he is a member of a protected class nor has he plead any facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Moreover, Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

### C. State Law Claims

Plaintiff also seeks to bring claims pursuant to California state law against the named Defendants. (*See* Compl. at 12.) However, because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.")

Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

///

///

///

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ.L.R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

///

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: November 28, 2011

_____
Hon. Roger T. Benitez
United States District Judge